Konrad K. Gatien (Bar No. 221770)
E-Mail: kgatien@kmwlaw.com
Samuel L. Alberstadt (Bar No. 186402)
E-Mail: salberstadt@kmwlaw.com
Christopher T. Varas (Bar No. 257080)
E-Mail:  cvaras@kmwlaw.com
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard
Beverly Hills, California  90212
Telephone:   (310) 248-3830
Facsimile:    (310) 860-0363

Attorneys for Plaintiff
MAD DOGG ATHLETICS, INC.

Neal S. Cohen (admitted pro hac vice)
E-Mail: Neal.Cohen@hro.com
HOLME ROBERTS & OWEN, LLP
1801 13th Street, Ste. 300
Boulder, Colorado 80302
Telephone: (303) 444-5955
Facsimile: (303) 866-0200

Attorneys for Defendants HART
WOOD, INC. and VICTOR J. HART

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MAD DOGG ATHLETICS, INC. d/b/a PEAK PILATES, a California corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>HART WOOD, INC. d/b/a ROOT MANUFACTURING, a Colorado corporation, and VICTOR J. HART, an individual,<br><br>             Defendants. | Case No. CV 09-07027 GAF (FMOx)<br><br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(NOTE CHANGES MADE BY THE COURT) |

Counsel for plaintiff, MAD DOGG ATHLETICS, INC. d/b/a PEAK PILATES ("Plaintiff"), and defendants HART WOOD, INC. d/b/a ROOT MANUFACTURING and VICTOR J. HART (collectively "Defendants"), (Plaintiff and Defendants are hereinafter collectively referred to as "the Parties") have requested entry of an order under Rule 26 of the Federal Rules of Civil Procedure ("Federal Rules") to protect confidential information during discovery and trial.  The court has determined that it is appropriate to enter such an Order for that purpose.  It is therefore ORDERED as follows:

## INTRODUCTION

The Parties have read the Court's "Standing Order Re: Protective Orders and Treatment of Confidential Information." ("the Standing Order")  Because this is a trade secret case, the Parties have taken particular note of Section I.B of the Standing Order and the reference to California Civil Code § 3426.1, which defines the term "trade secrets."

The Parties recognize the significance of using confidential information at a public trial, as the Court emphasizes in Section I.E of the Standing Order. The parties will address this issue among themselves at the Meeting of Counsel Before Final Pretrial Conference pursuant to Local Rule 16-2.  To the extent practicable, and in keeping with Fed. R. Civ. P. 1, the Parties will minimize the use of information designated confidential pursuant to this Order. The Parties will also address this issue with the Court at the Final Pretrial Conference, and they will be prepared to show good cause to maintain confidentiality while at the same time considering the need for speed and efficiency.

1.     *Applicability.*  The confidentiality provisions of this Order shall apply to all deposition transcripts, productions of documents, answers to interrogatories, responses to requests for admission, and all other discovery taken pursuant to the

Federal Rules, as well as testimony adduced at trial, matters in evidence, and any other information that a disclosing party may designate as Confidential Information or Confidential – Attorneys' Eyes Only in connection with this action.

2.      *Third parties.*  The terms "disclosing party" and "producing party" encompass not only the Parties to this action but also third parties who may disclose or produce information, *e.g.,* in response to a document or deposition subpoena, or both.

## LIMITATIONS ON ACCESS

3.      Any party to this action, and any non-party from whom discovery is sought in connection with this action, may designate as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY (cumulatively, "Covered Information") any documents, things, interrogatory answers, responses to requests for admission, trial or deposition testimony, or other material that contains CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY as set forth below.  Information so designated shall include all copies, excerpts, summaries, indices, or abstracts of such information, regardless of the manner disclosed, including designated information disclosed during a deposition, in a document, in an interrogatory answer, by production of tangible evidence, during a hearing or trial, in responses to requests for admission or otherwise disclosed in connection with this action.

4.      As used in this Stipulated Protective Order, the term CONFIDENTIAL INFORMATION means material or information not generally known to the public that the producing or disclosing party in good faith believes to incorporate know-how or trade secrets as that term is defined in Cal. Civ. Code §3426.1, sensitive business or commercial information, proprietary data, private or

personal information, or information the disclosure of which could harm a party's competitive position, including any confidential information which is alleged to have been misappropriated, regardless of the form of such CONFIDENTIAL INFORMATION including, but not limited to, a written, printed, graphic, oral, electronic, or audiovisual embodiment.

5.     As used in this Stipulated Protective Order, CONFIDENTIAL – ATTORNEYS' EYES ONLY information means CONFIDENTIAL INFORMATION that is competitively sensitive to the producing party or significantly useful to the receiving party, including, but not limited to, trade secrets as that term is defined in Cal. Civ. Code §3426.1, proprietary pricing information, proprietary marketing information, proprietary customer lists (including past, current and prospective customers), proprietary financial and accounting information, or proprietary licensing or contractual information, which are not alleged to have been misappropriated

6.     Until and unless the Court rules otherwise, documents, things, material and information marked or otherwise designated as CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be maintained in confidence by the person to whom such material is produced. The person to whom such information is disclosed shall use his or her best efforts to ensure that the information is kept confidential and not disclosed to any other person. In addition, he or she shall not disclose such information to any person except as described in paragraphs 7-9.

7.     CONFIDENTIAL INFORMATION shall not be disclosed to any person except as identified in the following paragraphs 7(a)-7(g):

          a.     officers, directors, managers and/or employees of a party who have a need to know the information in connection with this lawsuit;

- 3 -

      b.     Plaintiff's principal, John R. Baudhuin, Plaintiff's President and former owner Julie Lobdell, and Defendants' principals, Victor J. Hart and Terry Hart;

      c.     counsel of record for the respective parties, and the secretarial, clerical, litigation support, and paralegal personnel employed or retained by such counsel;

      d.     outside consultants/experts who are not officers, directors, employees, or shareholders of a party, who have been retained in connection with this action, pursuant to paragraph 11;

      e.     the Court and its employees (including court reporters, persons operating video equipment at depositions, translators, and any special master appointed by the Court) whose function requires them to have access to material designated as CONFIDENTIAL INFORMATION under this Stipulated Protective Order;

      f.     employees of third-party service bureaus involved solely in one or more aspects of organization, translation, copying, filing, coding, converting, storing, or retrieving data designing programs for handling data in connection with this litigation, including providing computerized litigation support pursuant to paragraph 12; and

      g.     any other person as to whom the parties must first agree.

    8.    CONFIDENTIAL – ATTORNEYS' EYES ONLY shall not be disclosed to any person except to those identified in paragraphs 7(c)-7(g).

    9.    [OMITTED]

\\\
\\\
\\\

- 4 -

**DEFINITIONS**

10. *"Outside consultants/experts"* means persons who are not employed by the receiving party and who are retained by a party or its attorneys of record in this litigation for the purpose of assisting in preparation of this litigation for trial, such as accountants, statisticians, economists, technical consultants or other technical experts, who have signed a document in substantially the form of **Exhibit A** attached hereto.

11. *"Service bureau"* means a company that:

    (a)    is independent of the Parties, but a company will not be deemed non-independent solely because it does business, regularly or sporadically, with a party;

    (b)    is engaged by counsel of record to perform clerical-type services in connection with this litigation, *e.g.,* photocopying, imaging, computer data entry, and the like, or jury consultation services; and

    (c)    has executed an undertaking to be bound by the provisions of this Order in substantially the form of **Exhibit A** attached hereto, including the specific undertaking to have its employees who have access to Covered Information sign a document in substantially the form of **Exhibit A** attached hereto agreeing not to use or disclose such information.

\\\
\\\
\\\
\\\

- 5 -

**DESIGNATION AND IDENTIFICATION OF INFORMATION**

12.    *Labeling of documents.*  Information being designated as Covered Information that is in documentary or other tangible form shall be labeled by the producing party, prior to its production, to reflect its designation as "Confidential Information" or "Confidential – Attorneys' Eyes Only," as appropriate.  If the documents are produced in the form of electronic of magnetic media, the producing source shall place a stamp, label or other clear designation on the disc or tape containing the Covered Information. To the extent it is impracticable for the producing party to label or otherwise identify such material or information, the producing party shall inform the receiving party in writing that such thing, material or information has been designated CONFIDENTIAL INFORMATION or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

13.    *Designation of other disclosures.*  Information being designated as Covered Information that is not in documentary or other tangible form, or that cannot conveniently be labeled, shall be designated and/or categorized by the disclosing party in a writing provided to the receiving party at the time of production.

14.    *Preliminary designation of documents being inspected.*  If a producing party elects to produce documents and things for inspection, it need not label the documents and things in advance of the initial inspection.  For purposes of the initial inspection, all documents within the produced files will be considered as having been marked "Confidential – Attorneys' Eyes Only."  Thereafter, on selection of specified documents for copying by the inspecting party, the producing party shall mark either the original documents or the copies of such documents as may contain Covered Information with the appropriate confidentiality marking at the time the copies are produced to the inspecting party.

15.     *Designation not determinative.*  Designation of documents or other specified information as Covered Information by counsel, or receipt of documents or information so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are entitled to be deemed as such.

16.     *Challenges to confidentiality designations.*  A party shall not be obligated to challenge the propriety of a designation of information as Covered Information at the time made, and failure to do so shall not preclude a subsequent challenge thereto.  If any party to the action disagrees at any stage of the proceedings with such a designation, that party shall provide to the producing party written notice of its disagreement.  For all such disputes, if any, the Parties shall proceed pursuant to Local Rule 37.  The burden of proving that the information has been properly designated as Covered Information is on the party making such designation.

17.     *Designation of deposition testimony.*  The following procedures shall be followed if Covered Information of a producing party is discussed or disclosed in a deposition:

(a)     The producing party shall have the right to exclude from attendance at the deposition, during such time as the Covered Information is to be discussed or disclosed, any person other than the deponent, the court reporter, and Qualified persons. For the avoidance of doubt, the deponent must be a Qualified person who has signed a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto.

(b)     The Covered Information shall be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" at the request of

counsel for the producing party (or, if the producing party is not a party to the action and is not represented at the deposition, at the request of counsel for the party disclosing the information or questioning the witness about it).

(c)     If a request under subparagraph (b) is made on the record during the deposition, the reporter shall indicate on the cover page of the transcript that the transcript contains Covered Information and additionally shall list the pages and line numbers of the transcript on which the information in question is contained.  If the deposition is recorded on video, the designation shall also be placed on the DVD, CD-ROM, videocassette or other video recording container.  Counsel retaining personnel to make the video recording shall have the responsibility for ensuring their compliance with this subparagraph.

(d)     Alternatively, a request under subparagraph (b) may be made in writing within thirty (30) days after the requesting counsel receives a copy of the transcript of the deposition.  During this 30-day period, all deposition transcripts and the information contained therein shall be deemed "Confidential – Attorneys' Eyes Only."  The request shall contain a list of the numbers of the pages and lines of the transcript that are to be designated as containing Covered Information, and specific designations for each item or group of items on the list.  The list shall be set forth on one or more separate pieces of paper, the first one of which shall bear the caption of the action and identifying

- 8 -

information about the deposition.  The requesting counsel shall insert the list before the cover page of the transcript and shall mail or fax copies of the list to counsel for all Parties so that it may be affixed to the face of the transcript and each copy thereof.

### PROCEDURE FOR DISCLOSURE

18.   *Access to Covered Information.* Access to Covered Information disclosed to a receiving party shall be limited to persons qualified under paragraphs 7-9, except with the prior written agreement of the producing party.

19.   *Disclosure Procedure.* The following procedure shall be followed for any disclosure of information as to which prior notice to the producing party is required:

(a)   By facsimile transmission with confirmation by overnight mail, counsel for the receiving party shall (i) notify counsel to the producing party in writing of its intention to make such disclosure ten (10) court days before the intended disclosure; (ii) specify the identity and the current employment of the individual(s) to whom the proposed disclosure will be made, including a curriculum vitae of such person; (iii) identify the particular information proposed to be disclosed; (iv) specify the reasons why the proposed disclosure is believed to be necessary; (v) provide to the producing party at the time of notice under this paragraph, a document in substantially the form of **Exhibit A** or **Exhibit B** attached hereto that has been signed by the party to whom disclosure shall be made.

(b)     If the producing party makes a written objection setting forth in detail the grounds for such objection within the 10-day period and the objection is not resolved between counsel within five (5) court days thereafter, the party seeking disclosure shall not disclose the information but shall have the right to bring the dispute before the court for its resolution.

(c)     If the dispute over the proposed disclosure is submitted to the Court by motion, the party objecting to disclosure of the information shall have the burden of persuasion.

20.     *Disclosure in certain circumstances.* Nothing in this Order shall preclude any party to the lawsuit or their attorneys from disclosing or using by the disclosing party, in any manner or for any purpose, any information or documents from the disclosing party's own files that the party itself has designated as Covered Information.

21.     *Restrictions on use.* Disclosure of information designated as Covered Information shall be solely for the purposes of resolving this lawsuit between the Parties; information so disclosed shall not be used for any other purpose. The persons receiving the information in question are prohibited from disclosing it to any other person except in conformance with this Order.

## OTHER PROVISIONS

22.     *Inadvertent Disclosure of Covered Information.* The inadvertent or unintentional disclosure of failure to designate documents or material as "Confidential" or "Confidential – Attorney's Eyes Only" shall not be deemed a waiver in whole or in part of a producing party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto.

Upon learning of an inadvertent or unintentional disclosure of Covered Information, the producing party shall provide notice to the parties who have received such Covered Information as to how the information should have been designated and shall thereafter have ten (10) business days to make the appropriate designation.  During this ten-day period, the information may not be used in a manner inconsistent with such notice. Upon receipt of properly re-designated documents, counsel for the receiving party shall, within ten (10) business days, either return to counsel for the producing party, at the producing party's expense, all versions of that information that were not so designated or certify in writing that all versions of that information including without limitation any physical or electronic copies have been destroyed.

23.    *Documents subject to the attorney-client privilege or work product immunity.*  To facilitate discovery, the Parties may make documents available for inspection by counsel for the receiving party, and such documents may inadvertently include documents subject to the attorney-client privilege, work product immunity, or both.  Neither the production for inspection of documents and things by the producing party nor the inspection of such documents and things by the receiving party shall constitute a waiver of the attorney-client privilege or work product immunity.  After inspection, the producing party may withhold documents subject to the attorney-client privilege and work product immunity provided proper identification is made on the producing party's list of such documents, and the inspecting party shall not refer to or rely on the contents of such inspected but withheld documents for any purpose, subject to further order of the Court.

24.    *Inadvertent production or disclosure of documents subject to the attorney-client privilege and/or work product immunity.*  Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work product immunity or both shall not constitute a waiver of, nor a prejudice to, any claim that such documents or related material is privileged or protected by the work product immunity, provided that the producing party notifies the receiving party in writing promptly after discovery of such inadvertent production.  Such inadvertently produced documents and all copies thereof shall promptly be returned to the producing party upon request.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them subsequent to the request to return them.  If the Parties are unable to reach agreement within ten (10) days of such notice, the producing party may seek relief from the Court pursuant to the requirements of Local Rule 37.  The receiving party shall not disclose a document for which a claim of privilege or immunity is made pursuant to this paragraph to any person, other than those persons who had it in their possession prior to receipt of the notice from the producing party, until the expiration of the 10-day period identified in this paragraph or, if application is made to the Court, until disposition of that application by the Court.

25.    *Filing under seal.*  The Parties shall follow the filing procedures set forth in Local Rule 79.5, which provides:

> Except when authorized by statute or federal rule, or the Judicial Conference of the United States, no case or document shall be filed under seal without prior approval by the Court. Where approval is required, a written application and a proposed order shall be presented to the judge along with the document submitted for filing under seal.

The proposed order shall address both the sealing of the application and order itself, if appropriate. The original and judge's copy of the document shall be sealed in separate envelopes with a copy of the title page attached to the front of each envelope. Conformed copies need not be placed in sealed envelopes. Where under-seal filings are authorized by statute or rule, the authority therefore shall appear on the title page of the proposed filing. Applications and Orders to Seal, along with the material to be placed under seal, shall not be electronically filed but shall be filed manually in the manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be electronically filed identifying materials being manually filed.

In filing documents under seal with the Court, he Parties will also adhere to the Court's instructions in Section I.D of the Standing Order.

26.    *Use of information in court proceedings.*  Any receiving party that knows that it intends to present Covered Information of another party in oral form at trial, or during any pre- or post-trial hearing, shall first notify the Court and the producing party a reasonable amount of time in advance.  Because of the policy favoring public attendance at judicial proceedings, the Parties are strongly encouraged to agree on procedures that will minimize the presentation of Covered Information in open court.  In appropriate circumstances such procedures might include, *e.g.,* submission of written testimony under seal, presentation of "declassified" summaries of confidential information, and the like.  The Court does not here determine which if any such procedures might be suitable in particular situations.  Absent a stipulation of all Parties, the fact that information has been designated as Covered Information shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.

27.    *Disposition of documents, etc., after final termination*

(a)    Except as set forth below, within 60 days of final termination of this action, the attorneys of record for each receiving party shall return to each producing party or its attorneys of record, at the expense of the producing party, all documents (and copies thereof) and all materials (and any copies thereof) that have been furnished to it by the producing party and that have been identified as Covered Information pursuant to this Order.  At the option of the producing party, such documents received by the receiving party may be destroyed in lieu of being returned to the producing party.  Counsel for each party must certify compliance with this subparagraph within this 60-day period.

(b)    Notwithstanding subparagraph (a), the attorneys of record for a party may maintain a set of pleadings, briefs, and similar papers filed with the Court, including all exhibits marked in discovery or at trial.  The above-described pleadings, briefs and similar papers filed with the Court and exhibits marked in discovery or at trial may be retained in confidence under the terms of this Protective Order by the outside counsel for the party.

28.    *No waiver of right or obligation to object to production.*  Nothing contained in this Order shall be construed as a waiver by any party of its right to object to the subject matter of any request for production of documents in this action, nor as a waiver by any other party of the first party's obligation to make proper response to discovery requests.  The entry of this Order shall not be construed as an agreement by any party to produce any documents or to supply any information and shall not constitute an admission that any such documents that

may exist are relevant or material in any way to the issues raised in the pending action or admissible in such action, nor as a waiver of any privilege with respect thereto.

29.   *Third parties.*  In the event that a party seeks discovery from a non-party to this action, the non-party may invoke the terms of this Order in writing to all Parties to the action with respect to any Covered Information to be provided to the requesting party by the non-party by signing a document in substantially the form of **Exhibit B** attached hereto.  When serving subpoenas on non-parties that potentially call for the disclosure of Covered Information, a copy of this order shall be included, and the subpoena shall expressly incorporate by reference the terms of this Order.

30.   *Continuing jurisdiction.*  This Order shall survive the final conclusion of the action, and this Court retains jurisdiction of the Parties hereto, and of any person who executes a copy of **Exhibit A** or **Exhibit B**, indefinitely as to any dispute between any of them regarding improper use of information disclosed pursuant to this Order.

31.   *Requests for additional protection.*  This Order shall be without prejudice to the right of the Parties to request additional protection under Fed. R. Civ. P. 26(c), for discovery requests made by any party.  For all such requests,  if any,  the parties shall proceed pursuant to Local Rule 37.

\\\
\\\
\\\
\\\
\\\
\\\

- 15 -

1        32.    *Additional Parties*.  The terms of this Order shall be binding on all

2    current and future parties to the litigation and their counsel.  Within ten (10) days

3    of the entry of appearance by a new party to this litigation, Plaintiff's counsel shall

4    serve a copy of this Order on such new party's counsel, if any.

5

6    **IT IS SO ORDERED.**

7

8

9

10   DATED: 8/11/10                    _____/s/_____

11                                     FERNANDO M. OLGUIN
                                       UNITED STATES MAGISTRATE JUDGE

12

13

14   **AGREED TO:**

15

16   Dated: _____, 2010         By:_____

17                                        Konrad K. Gatien
                                          Keats McFarland & Wilson LLP
18                                        Attorneys for Plaintiff
                                          MAD DOGG ATHLETICS, INC.
19

20

21

22   Dated: _____, 2010         By:_____

23                                        Neal S. Cohen
                                          Holme Roberts & Owen LLP
24                                        Attorneys for Defendants
                                          HART WOOD, INC. d/b/a ROOT
25                                        MANUFACTURING, and
                                          VICTOR J. HART
26

27

28                                  - 16 -

# EXHIBIT A
## UNDERTAKING PURSUANT TO AGREED
## PROTECTIVE ORDER

1.    I, the person named below, declare under penalty of perjury of the laws of the United States that the following information is true and correct.

   a. Name:

   b. Address:

   c. Employer name and address:

   d. Title:

   e. Occupation or job description:

   f. Past or present relationship to plaintiff or defendants, if any:

   h. I am executing this undertaking on behalf of (check all that are applicable): _____ myself _____ my employer.

   i. My employer __ is __ is not a service bureau (see paragraph 9 of the protective order (the "Protective Order") in this action.

2.    I have received a copy of the agreed Protective Order in this action.

3.    I have carefully read and understand the provisions of the Protective Order, which is a court order.  I agree to be bound by it, and specifically agree I

- 17 -

will not use or disclose to anyone any of the contents of any Covered Information received under the protection of the Protective Order in violation thereof.

4.      I understand that I am to retain all copies of any of the materials that I receive that have been designated as Covered Information in a container, cabinet, drawer, room or other safe place in a matter consistent with the Protective Order and that all copies are to remain in my custody until I have completed my assigned or legal duties.  I will return all confidential documents and things that come into my possession, or that I have prepared relating to such documents and things, to counsel for the party by whom I am retained.  I acknowledge that such return or the subsequent destruction of such materials shall not relieve me from any of the continuing obligations imposed on me by the Protective Order.

5.      If I am executing this undertaking on behalf of my employer as indicated above, I agree on its behalf that it too will be bound by the provisions of the Protective Order and that it too will abide by the requirements set out in paragraphs 3 and 4 of this undertaking.

6.      If my employer is a service bureau as indicated above, I further agree on its behalf that it will instruct all its employees who have access to Covered Information under the Protective Order about their duty to comply with the requirements set out in paragraphs 3 and 4 of this undertaking.

Dated: _____          _____

(Signature)

- 18 -

**EXHIBIT B:**

**THIRD PARTY AGREEMENT TO PROTECTIVE ORDER**

_____, as a non-party to *Mad Dogg Athletics, Inc. v. Hart Wood, Inc. d.b.a Root Mfg., et al.*, Case No. CV 09-7027- GAF (FMOx) (C.D. Cal.) (the "Civil Action"), has been asked to respond to discovery in that case pursuant to Federal Rules of Civil Procedure 26-37 and 45.

_____, considers certain information that is responsive to discovery to be confidential in nature and to fall under the description "Confidential" or "Confidential – Attorneys' Eyes Only" as defined in the Protective Order entered in the Civil Action.

_____, therefore, agrees, to the terms and conditions of the Protective Order entered in the Civil Action to appropriately protect this information from improper disclosure.

Date: _____          _____

                                        Individual or Organization

                               By:      _____

                                        Signature

                               Its:     _____

                                        Title

- 19 -